IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x
C & L INTERNATIONAL TRADING INC. and KAM NG,

      Plaintiffs,                        Civil Action No.

    - against                          13CIV2638 LS

CHUNG KEE (USA) INTERNATIONAL INC,
YAT CHAU (USA) INC., TUNG REN TANG,
RON FENG TRADING INC., FARGO TRADING INC.,
YONG LONG SUPERMARKET INC.,
and PO WING HONG FOOD MARKET INC.

      Defendants
---------------------------------------------------------------------------x
---------------------------------------------------------------------------x

**AMERICAN TIBETAN HEALTH**
**INSTITUTE, INC., a Californian corporation,**

      **Plaintiff,**                      Civil Action No
                                               13cv2763 HB

    -against-                        ECF Case

**KAM NG, an individual, C&L**
**INTERNATIONAL TRADING INC., a New**
**York corporation, KANG LI TRADING INC.,**
**a New York Corporation,**
**and K&C INTERNATIONAL TRADING INC., a New York**
**Corporation,**

      **Defendants.**
---------------------------------------------------------------------------x

MEMORANDUM OF LAW BY DEFENDANTS IN THE CASE OF AMERICAN TIBETAN HEALTH INSTITUTE INC. V. KAM NG, C&L INTERNATIONAL TRADING INC, KANG LI TRADING INC., AND K&C INTERNATIONAL TRADING INC, 13 CIV 2763HB (THE "AMERICAN" CASE) IN OPPOSITION TO PLAINTIFFS MOTION FOR A TEMPORARY INJUNCTION PENDING A DETERMINATION OF THE CASE, AND IN SUPPORT OF A MOTION BY PLAINTIFFS IN THE CASE OF C&L INTERNATIONAL TRADING AND KAM NG V. CHUNG KEE (USA) INTERNATIONAL INC ET AL, 13CIV2638LS (THE "C&L CASE") FOR A TEMPORARY INJUNCTION PENDING A

DETERMINATION IN THAT CASE AND IN OPPOSITION TO THE MOTION OF THE DEFENDANTS IN THE C&L CASE TO DISMISS THE COMPLAINT.

## PRELIMINARY STATEMENT

1. The Undersigned is of counsel to the attorneys representing the Plaintiffs in the case of C&L International Trading Inc and Kam Ng v. Chung Kee (USA) International Inc et al 13CIV2638LS, and the Defendants in the case of American Tibetan Health Institute Inc v. Kam Ng, C&L International Trading Inc., Kang Li Trading Inc and K&C International Trading Inc. 13CIV2763 HB, and I'm familiar with all the facts and circumstances involved in both cases. I hereby state the following under the penalties of Perjury.

2. My clients the Plaintiffs in the C&L case, markets tea in the United States in a green colored box with the stylized words "Tibetan Baicao Tea" in English and Chinese on the box with a picture of a horse and teacup on the side (C&L's trademark and packaging). They have been selling this product in the US with C&L's trademark and packaging since March 2010.

3. The Plaintiffs in the "American case" have been selling tea in a box substantially similar to C&L's colored box bearing the stylized letters "Tibetan Baicao Tea" in English and Chinese on the box in the United States.

4. On or about March 15, 2013, C&L sent a letter to known customers and distributors of American stating that the tea products sold by American were infringing its trademarks and threatening to institute legal action if this did not stop.

5. Subsequently, C&L caused this letter to be published in a Chinese newspaper of national circulation in the Chinese community.

6. Thereafter, on or about April 10, 2013, my client C&L instituted a lawsuit against seven sellers of American's tea in its package, claiming trademark infringement. This case was given Index No 13CIV2638 and was assigned to Judge Stanton.

7. Thereafter, on or about May 1, 2013, American Tibetan Health Institute Inc instituted an action against Kam Ng, C&L International Trading Inc., Kang Li Trading Inc and K&C International Trading Inc., claiming trademark infringement. This case was given Index No 13CV2763HB and was assigned to Judge Baer Jr.

8. Along with their complaint, the Plaintiffs in this American case served my client C&L with an order to show cause, requesting a temporary injunction pending a determination of the lawsuit. This motion had a return date of May 6, 2013 before Judge Baer.

9. Upon the return date, Judge Baer was made aware of the prior C&L lawsuit which had been assigned to Judge Stanton, and that it involved the same question of fact, namely

who was entitled to use the Tibetan tea trademark and packaging in the sale of tea in the United States, C&L or American.

10. At that hearing, the parties in both the C&L and American lawsuits stipulated that pending an adjourned hearing on American's motion for a temporary injunction, which was to be held on May 21, 2013, before Judge Stanton, C&L would not send out or publish any further letters questioning American's trademark, would send a letter whose text was agreed to by the parties in both lawsuits that retracted questions about American's right to its trademark and would send it to the same persons who were sent the original letter, would publish the later letter in the same publication with the same frequency and in the same size and manner as was the original letter, would send to American a certified list of the persons to whom the original letter was sent to and would let American approve the second manner of publication. This stipulation was "so ordered" by Judge Baer. The foregoing was done.

11. I informed the attorneys for American that at the hearing before your Honor I would request a temporary injunction pending the determination of the C&L case. I also informed them that I would make a motion to consolidate both the C&L case and the American case.

12. The attorneys for American have also served notice on C&L that at the hearing before your Honor they will move to dismiss the complaint in the C&L case.

## TEMPORARY INJUNCTION

Prior Continuous Use in Commerce and Abandonment

13. The Plaintiffs in the American case have not shown clear admissible evidence that they were the first user of their trademark and packaging, or if they were they had not abandoned their trademark rights.

14. Our client Kam Ng has annexed an affidavit in opposition to Plaintiff's motion. In it she states under oath that K&C International Trading Inc is the sole authorized distributor of "Tibetan Baicao Tea" authorized by the Tibetan Baicao Tea Company in China which owns and distributes all Tibetan Baicao Tea and she attaches a letter of authorization which is attached as Exhibit A, that since March 2010, they have sold their product in a box designed with a horse and teacup on the right side as a background, the mark was registered in the State of New York on December 8, 2010, with mark number R31968, that she heard sometime around late 2010 that American had problem with their Tibetan Baicao Tea after a customer became sick after using their product, right after the incident happened in December 2010, American applied for a trademark in China of the mark "Shengcao Tea", on March 1, 2011, American published a statement in Sing Tao Daily, a Chinese language newspaper with national circulation, that they had stopped the sale of Tibetan Baicao Tea in the North American area, and American then registered a trademark for the term "Shengcao Tea" in the United States.

15. If an owner of a mark ceases to use a mark without an intent to resume use in the reasonably foreseeable future, the mark is said to have been abandoned. 15 USC §1127 -ITC Limited v. Punehgini, Inc et al, 482 F.3d 135 (CA-2, 2007). In order to establish an intent to resume use in the reasonably foreseeable future, the owner must adduce evidence from which a reasonable jury could infer intent to resume use. ITC Limited v. Punehgini Inc et al, supra; Silverman v. CBS Inc., 870 F.2d at 43).

16. According to the annexed affidavit of Kam Ng, sometime in late 2010, American stopped using its Tibetan Baicao Tea mark because its product caused injury to a customer. In December 2010, American applied for a trademark in China for the name Shengcao Tea. Also on March 1, 2011, American published a statement in Sing Tao Daily, a Chinese language newspaper with national circulation, that they had stopped the sale of "Tibetan Baicao Tea" in North America.

17. All of the foregoing indicates that American stopped using Tibetan Baicao Tea marks and sales of tea in conjunction with those marks in 2010-2011.

18. Abandonment results in a break of the chain of priority, Vais Arms, Inc. v. Vais, 383 F3d&at292 n.8.

19. If, indeed there was an abandonment of its mark by American, C & L who used its mark continuously since March 2010 would have priority of use and be entitled to the use of the mark to the exclusion of American.

20. Also American, in its papers, claims priority of and continuous use by American and its "predecessor", but does not name its "predecessor".

21. American's papers indicate that the assignment of the rights in the mark from Shirley Lee, the alleged owner of the mark, to American first took place in April 2013. The assignment states that it is "effective" as of April 10, 2013, which happens to be around the date that C & L initiated its prior lawsuit, but the signature of Shirley Lee was not notarized until April 18, 2013.

22. The facts stated in the preceding 2 paragraphs give rise to questions as to whether there was continuous use of the mark by the legal owners of or persons having the legal right to use the mark claimed by American.

23. The checkered history of the use of the mark by American certainly does not justify the grant to them of a temporary injunction pending the outcome of their case nor does it justify granting a motion to dismiss C & L's case as they requested.

24. The use of its mark by C & L is clean and continuous with no issues of abandonment and warrants a decision enjoining the Defendants in the C & L Case from using its mark pending a decision.

25. The fact that American has belatedly obtained a registration of the mark does not change the legal situation. After C & L establishes its right to the exclusive use of the Tibetan Baicao Tea mark and its packaging, C & L will take legal steps to cancel American's registration.

## MOTION TO DISMISS

26. Defendants in the C & L case move to dismiss Plaintiffs complaint with prejudice for failure to state a claim upon which relief may be granted, upon the basis that none of the claims contain allegations adequate to give notice to the Defendants of the wrongs they allegedly committed, and fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. ("FRCP")

27. Rule 8, FRCP, requires that a pleading must state a claim for relief and must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.

28. The complaint in the C & L Case which goes on for more than 15 pages and which alleges Seven causes or action, clearly states the Plaintiffs' claim, namely that the Defendants are selling goods which infringes on their trademark, that the Plaintiffs have been damaged and want money damages and that Defendants stop selling the infringing goods. In fact, C & L has set forth an entire portion of their complaint under the heading, "Defendants Infringing Activities", and have stated repeatedly that they have no adequate remedy at law and want Defendants conduct to be enjoined and that they be subject to another host of requested remedies.

For the foregoing reasons, Americans motion for a temporary injunction pending a resolution or the American case should be denied, the Defendants motion to dismiss in the C & L Case should be denied, and Plaintiffs motion for a temporary injunction pending a resolution of the C & L Case be granted.

Respectfully Submitted,

By Giuttari & Mertz Law Office P.C.

_____/s/_____

Frederick Shotkin of counsel

Attorney for C&L International Trading Inc.
and Kam Ng
45 W 34th Street, Suite 601
New York, NY 10001
Tel: 212-273-1182
Fax: 212-268-8686