**AFFIDAVIT**

State of New York          )
                                     )ss:
County of New York        )

1. I, Kam Ng, being duly sworn to, states and deposes the following:

2. I am a member of K & C International Trading Inc..

3. K & C International Trading Inc. is the sole authorized distributor of Tibetan Baicao Tea. We were authorized by the Tibetan Baicao Tea company in China, which owns and distributes all Tibetan Baicao Tea. Our letter of authorization is attached as Exhibit A, with translation.

4. Since March 2010, we have sold our Tibetan Baicao Tea in a box designed with a horse and tea cup on the right side as a background ("old design"). The mark was registered in the State of New York on December 8, 2010, with mark number R31968. Our Certification of Filing is attached as Exhibit B.

5. I heard that sometime around late 2010, the American Tibetan Health Institute had problems with their Tibetan Baicao Tea after a customer who became sick after using their product.

6. Right after the incident happened, in December 2010, the American Tibetan Health Institute applied for a trademark in China of the mark "Shengcao Tea." Attached as Exhibit C is the record and pictures of Plaintiffs' filing in China, with translation.

7. On March 1, 2011, the American Tibetan Health Institute, headquartered in the State of California, published a statement in Sing Tao Daily, a Chinese language newspaper with national circulation, that they had "stopped the sale of Tibetan Baicao Tea in the North American area." I suspect that they did this as a result of the lawsuit against them.

Attached as Exhibit D is a copy of the ad as it appeared in the newspaper, with translation.

8. The American Tibetan Health Institute then trademarked the term "SHENGCAO TEA" in the United States.  See Plaintiff's Exhibit 8, Declaration of Brian I. Marcus, paragraph 8, re-submitted here as Exhibit E.

9. On April 18, 2012, I registered a new design of "Tibetan Baicao Tea," involving Chinese characters to USPTO with Mark NO. 85601631 ("New Design"). New Design's USPTO certificate is attached here as Exhibit F.

10. In Plaintiff's Exhibit 9, Declaration of Daniel Liu, resubmitted here as Exhibit G, Mr. Liu states, in paragraphs 12-15, that he bought a package of tea that read "American Tibetan Medicine Institute" on it.  This cannot be true.  I did not sell any boxes of the American Tibetan Medicine Institute's product to Mr. Liu as he stated on his Declaration.

     I certify that I have read the above statement, or the above statement has been read to me, and that I fully understand the above statement.

Date: _5/18/2013_

Sworn to and subscribe

Before me on

_May 18, 2013_

Notary Public

Kam Ng

**YANG YI**
**Notary Public, State of New York**
**No. 01YA6268395**
**Qualified in New York County**
**Commission Expires Sep. 10, 2016**