UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C&L INTERNATIONAL TRADING INC., KAM NG, and K&C INTERNATIONAL TRADING INC.<br><br>     Plaintiffs,<br><br>   - against –<br><br>AMERICAN TIBETAN HEALTH INSTITUTE, INC., CHUNG KEE (USA) INTERNATIONAL INC., YAT CHAU (USA) INC., TUNG REN TANG, RON FENG TRADING INC., FARGO TRADING INC., YONG LONG SUPERMARKET INC., and PO WING HONG FOOD MARKET INC.,<br><br>     Defendants. | 13 Civ. 2638 (LLS)<br>13 Civ. 2763 (LLS)<br><br>DECLARATION OF KAM ("KELLY") NG REGARDING JUNE 26, 2014 ORDER TO SHOW CAUSE |
| AMERICAN TIBETAN HEALTH INSTITUTE, INC.,<br><br>     Plaintiffs,<br><br>   – against –<br><br>KAM NG, C&L INTERNATIONAL TRADING, INC., KANG LI TRADING, INC., and K&C INTERNATIONAL TRADING, INC.,<br><br>     Defendants. | |

KAM ("KELLY") NG hereby affirms and declares:

1. I am personally a party to the actions captioned above and

the owner of the corporate parties C&L International Trading

Page 1 of 5.

Inc., K & C International Trading Inc., and Kang Li Trading Inc.

2. I make this declaration in connection with this Court's June 26, 2014 Order to Show Cause (Docket No. 62).

3. Despite many attempts, I not been able to reach Mr. Shotkin, Mr. Graham or their law firm to obtain a copy of my case file to enable my appellate attorney, Mitchell Wong, to advise me on my options.

4. On Friday, June 27, at my request, my appellate attorney contacted Mr. Shotkin in writing to request a meeting and a copy of my case file.

5. Mr. Shotkin appears to have received Mr. Wong's request and understood that Mr. Wong would be involved because on Saturday, June 28, 2014 he sent an e-mail to opposing counsel advising opposing counsel of Mr. Wong's involvement.  A true and correct copy of Mr. Shotkin's e-mail to opposing counsel is attached as Exhibit A.

6. After my attorney reported difficulties getting hold of Mr. Shotkin and Mr. Graham, I attempted to contact Mr. Shotkin and Mr. Graham directly.

7. On Monday, June 30, 2014 at 12:18pm, I called the offices of Mr. Shotkin and Mr. Graham, but was told that they were not in.  I memorialized my unsuccessful call to Mr. Shotkin

and Mr. Graham's law firm in an e-mail dated July 1, 2014 12:38pm, a true and correct copy of which is attached to this declaration as Exhibit B.  At 12:43pm, I also separately copied Mr. Shotkin's and Mr. Graham's assistant, a true and correct copy of which is attached to this declaration as Exhibit C.

8. After receiving no response to my June 30 call from either Mr. Shotkin or Mr. Graham, on Tuesday, July 1, 2014 at 10:45am, I again called the offices of Mr. Shotkin and Mr. Graham, but was again told that they were not in.  I memorialized my unsuccessful call to Mr. Shotkin and Mr. Graham's law firm, in Exhibits B and C as well.

9. After receiving no response to my calls or my e-mails from either Mr. Shotkin or Mr. Graham, on Tuesday, July 1, 2014 at 5:28pm, I again e-mailed Mr. Shotkin's and Mr. Graham's law office to request that they provide me or my appellate attorney with the documents from my case file.  A true and correct copy of this e-mail is attached to this declaration as Exhibit D.

10. After receiving no response to my calls or my e-mails from either Mr. Shotkin or Mr. Graham, the next day, on Wednesday, July 2, 2014 at 12:41pm, I again e-mailed Mr. Shotkin's and Mr. Graham's law office asking them to

contact me back. A true and correct copy of this e-mail is attached to this declaration as Exhibit E.

11. After receiving no response to my calls or my e-mails from either Mr. Shotkin or Mr. Graham, on Thursday, July 3, 2014, at 6:23pm, I sent another e-mail to Mr. Shotkin and Mr. Graham's office confirming my desire that they correspond directly with Mr. Wong. A true and correct copy of this e-mail is attached to this declaration as Exhibit F.

12. On July 7, 2014, despite my instructions for Mr. Shotkin and Mr. Graham to correspond directly with Mr. Wong, a representative from their office telephoned me, directing me to appear personally at their office. The representative would not tell me why my attendance was required or what the meeting would be about. I was also told that I would have to sign documents but was not given a draft of the documents in advance to review. I was unable to attend on such short notice, and I again repeated my instructions in an e-mail that day at 1:17pm requesting that they correspond with Mr. Wong directly. A true and correct copy of my e-mail is attached to this declaration as Exhibit G.

13. To the best of my knowledge, neither Mr. Shotkin nor Mr. Graham have ever corresponded with my appellate attorney,

Mr. Wong, on this case, other than to inaccurately inform Mr. Wong that I had not authorized them to speak with him.

14. To this day, I have still not received documents from my case file from Mr. Shotkin and Mr. Graham's firm.

15. There is no financial reason for Mr. Shotkin and Mr. Graham to withhold my documents, as all of my bills were pre-paid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2014.

Dated: July 8, 2014
New York, New York

_____
KAM NG